QUIRINO VERRONE, Admr., *vs.* R. I. SUBURBAN RAILWAY CO.

PROVIDENCE—NOVEMBER 10, 1905.

PRESENT: Douglas, C. J., Dubois, Johnson, and Parkhurst, JJ.

(1) *Common Carriers.  Negligence.  Riding on Running-Board.*

It is not negligence *per se* to occupy a position on the running-board of a car when there is no vacant seat in the car nor standing room between the seats.

If a common carrier accepts passengers whom it can not accommodate inside its car it must do all that human care and vigilance reasonably can to prevent accident happening to them.  A passenger occupying such a position has the right to suppose that the car will be run with due care, and this requires greater precaution when passengers are occupying the running-board than when all are safely seated.

Where it appears that a passenger, standing on the running-board of a car, being a strong man and holding on with both hands, receives a shock sufficient to throw him from the car, a *prima facie* case is shown on which he is entitled to go to the jury on the issue as to whether the car was properly managed.

(2) *Evidence.  Expert Witnesses.*

Upon the issue as to whether a car was proceeding as usual when an accident occurred, or was propelled at an extraordinary rate of speed which would

be likely to cause more violent and dangerous jolting and swaying than common, testimony upon this subject is admissible if offered by competent witnesses who have previously been qualified, by showing that they have travelled on the route and know the ordinary rate of speed at the place in question.

Trespass on the Case for negligence. Heard on petition of plaintiff for new trial, and granted.

Douglas, C. J.   The plaintiff's intestate was a passenger, on Labor Day, 1902, upon an open trolley car operated by the defendant.   When he got upon the car at Crescent Park the seats were filled and passengers were standing between the seats, and he was able only to secure a position upon the running-board.   According to all the testimony, he grasped the post, or the handle affixed to it, with both hands as long as he continued on the car.   As the car approached the hill north of Barrington station, while it was proceeding along à straight and approximately level track, he fell off, and was found, a short time after, lying dead in the road.   ·

There is no dispute that he was killed by the fall from the car.

Several witnesses testified that just previous to the accident the car swayed violently and was jerked sideways with considerable force.   One witness testified, without objection, that the car was going at an extraordinary rate of speed at the time of the accident.   The question was asked, of other witnesses, how the motion compared with the usual motion of the car, and the defendant's objection to this question was sustained, and the plaintiff duly excepted.

At the conclusion of the plaintiff's evidence a nonsuit was granted.

The plaintiff asks for a new trial on the grounds that it was error to exclude the testimony offered and to grant the nonsuit.

(1)   We think the nonsuit was improperly granted.   The plaintiff's intestate occupied this position on the running-board because there was no vacant seat in the car, nor standing-room between the seats.   This was not negligence *per se*.   If the

railroad company accepts passengers whom it can not accommodate inside its car, it must do all that human care and vigilance reasonably can to prevent accident happening to them. *Brunnchow* v. *R. I. Co.*, 26 R. I. 211.

The court below seems to have based its decision upon the opinion in *Elliott* v. *Newport St. Ry. Co.*, 18 R. I. 707, where it is said: "A passenger who rides on the foot-board of a car necessarily takes on himself the duty of looking out for and protecting himself against the usual and obvious perils of riding there, such, for instance, as injury from passing vehicles or by being thrown off by the swaying or jolting of the car; *assuming, of course, proper management of the car, and proper construction and condition of the road.*" The court interpreted this language as holding that a person riding upon the running-board of an electric car assumed the risk of being thrown off by a jolt, whether of usual or extraordinary violence. But the words we have italicized modify the general statement and introduce a new issue into the case. No doubt it is reasonable to impose upon a passenger the assumption of such risks as ordinarily attend the position he takes, but he has a right to suppose that the car will be run with due care, and this requires greater precaution when passengers are occupying the running-board than when all are safely seated. A shock sufficient to throw from the car a strong man holding on with both his hands might well be taken by the jury as evidence that the car was not properly managed. We think, therefore, that the plaintiff had made out a *prima facie* case and should have been allowed to go to the jury.

(2)   It is evident from what we have said that it was a substantial issue in this case whether the car was proceeding as usual when the accident occurred or was propelled at an extraordinary rate of speed which would be likely to cause more violent and dangerous jolting and swaying than common.

The passenger, when he took his place on the running-board, assumed the risk of ordinary motion, not of extraordinary violence. Testimony, therefore, upon this subject would be admissible if offered by competent witnesses. The plaintiff in this case failed to qualify the witnesses whom he called on

that question by first showing that they had traveled on this route and knew the ordinary rate of speed at the place in question.  For this reason the exceptions to the exclusion of their testimony must be overruled.

The defendant cites *Moskowitz* v. *Brooklyn Heights R. Co.*, 85 N. Y. Supp. 960.  It was held in that case that where plaintiff elected to ride on the step of a crowded street car and was thrown off by the oscillation or "greyhound motion" of the car as it was running at the usual rate of speed maintained on that portion of its route, and there was no evidence of any unusual or abnormal motion due to any unusual condition of the car, rails, roadbed, or management, plaintiff assumed the risk of an injury so occasioned.  The opinion of the majority of the court proceeds to distinguish other cases, where the accident was caused by unusual or abnormal motion of the car, from the one under consideration, and, while approving the cases reviewed, bases the decision in this case upon the fact that no unusual or abnormal motion was "proved or attempted to be proved" by the plaintiff.   In this respect the case differed from the case at bar.

The petition for a new trial is granted, and the cause will be remanded to the Superior Court for further proceedings.

*James A. Williams, David S. Baker, Thomas F. I. McDonnell, and Lewis A. Waterman,* for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman, and Alonzo R. Williams,* for defendant.